[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on September 11, 1994 in Sherman, Connecticut. By complaint dated May 21, 1999, the Wife instituted this action claiming a dissolution of marriage and other relief as law and equity might provide.
The Wife is age 63 and in good health. The Husband is age 70 and in good health. Prior to this marriage, each party had a long-term marriage that ended with the death of their respective spouse. Both have grown children and grandchildren from the previous marriages. Each had property, which was acquired prior to this marriage. In particular, the Wife had a business that was sold during this marriage. The Husband has filed a suit in New York State claiming an interest in that business. By agreement of the parties, this court shall not address the issue of the Wife's business or the Husband's contribution thereto as those matters are to be resolved in the New York suit.
The court finds that the parties are equally responsible for the breakdown of the marriage.
The parties entered into a Post Nuptial Agreement dated February 27, 1995. Neither party disputes the validity of that Agreement. Accordingly, this court finds the agreement to be valid, entered into with individual counsel and a full disclosure of the parties' financial CT Page 873 situation and in compliance with the laws of the State of New York wherein it was entered.
There are three sections of the Agreement which impact on the claims for relief made by the parties:
 1. Property to be Separately Owned. During the marriage of the parties, each of them shall separately retain all rights in his or her Separate Property, as that term is hereafter defined Separate Property shall consist of (a) the property owned individually by each of the parties prior to the marriage of the parties and shown on Schedule A (Walter) and Schedule B (Irene) to this Agreement, all income therefrom, all property acquired in exchange for such property, all reinvestments of such property, all appreciation thereon and all income derived from any of the foregoing; and (b) all property earned, acquired, or accrued during the marriage of the parties, excluding all property acquired by gift or inheritance or resulting from compensation for personal injuries but including, without limitation, all income and assets derived from personal services, skills, and efforts performed during the marriage. Each of the parties shall have the absolute and unrestricted right to dispose of his or her Separate Property, free from any claim that may be made by the other by reason of their marriage, and with the same effect as if no marriage had been consummated between them, except as otherwise specifically herein agreed to the contrary. The parties hereto agree that they will each, at any time during or after the termination of the marital relation, make, execute, acknowledge and deliver any and all deeds and other instruments which shall be desirable or necessary to transfer any right, title or interest, in any proper estate of the other which they may acquire by virtue of any community property laws to the persons who would otherwise be entitled thereto by virtue of this Agreement.
6. Contribution for Living Expenses. Notwithstanding anything to the contrary contained herein, during the marriage each party shall contribute their pro rata share of income for the payment of personalCT Page 874 living expenses incurred for the benefit of both parties.
 9. Transfers Between the Parties. Notwithstanding the provisions of this Agreement, either party shall have the right to transfer or convey to the other any property or interest therein which may he lawfully transferred or conveyed during his or her lifetime or by will or otherwise upon death, and neither party intends by this Agreement to limit or restrict in any way the right and power to receive any such transfer or conveyance from the other.
The Husband claims an interest in the real property in Sherman, Connecticut. The Wife claims the property as hers. The property in Sherman Connecticut was the Wife's Separate Property prior to the marriage. For many reasons, financial as well as emotional, the Wife transferred an undivided one-half interest in said property to the Husband (by Quit Claim Deed dated February 11, 1997). This was permissible under the Post Nuptial Agreement (paragraph 9). As the Court has found that the Agreement is valid, the terms thereof are controlling. Accordingly, the Wife's claim for the return of this transfer shall not be ordered.
The Husband claims compensation for changes he made to his professional and personal life during the marriage. The court finds that the Husband made those decisions voluntarily. Even if paragraph One of the Post Nuptial Agreement was not controlling, the court finds no compelling reason for the Wife to compensate the Husband under those circumstances. Accordingly, no compensation is awarded to the Husband in connection with the voluntary changes he made in his professional and personal life.
The Husband claims an interest in the leasehold of an apartment located at 343 East 30th Street, New York, New York. Since 1960, this apartment has been continuously leased to the Wife (together with her late husband until his death). During the course of this marriage, the parties lived in this rent stabilized, two bedroom apartment. The court finds that the leasehold interest was the Separate Property of the Wife at the time of the execution of the Post Nuptial Agreement. Accordingly, Paragraph One of the Agreement is controlling and the Wife shall continue to separately retain her rights in and to the leasehold interest.
The Husband claims compensation for living expenses he paid during the marriage. The Court heard extensive testimony regarding the expenses paid by the Husband as well as extensive testimony regarding the expenses paid by the Wife. The court finds that the parties have both complied with CT Page 875 Paragraph 6 of the Post Nuptial Agreement and have contributed their pro rata share of income for the payment of the personal livings expenses incurred for the benefit of both parties. Accordingly, the court declines to award either party compensation for living expenses paid during the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 81 5j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
 ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on January 16, 2001.
ALIMONY
Both parties are more than capable of supporting themselves; therefore, neither party shall pay alimony to the other.
MEDICAL INSURANCE — WIFE AND HUSBAND
Each party shall be responsible for the cost of their own medical insurance and any unreimbursed medical and dental expenses.
LIFE INSURANCE
Each party shall retain their own life insurance free and clear of any claim by the other.
REAL PROPERTY
The parties are joint owners of real property in Sherman, Connecticut. The court finds that the Fair Market Value of the property is $325,000.00 (See Plaintiff's Exhibit F) and the balance of the first mortgage is $265,000.00 (see Plaintiff's financial affidavit). The court finds that the apparent net equity in the property is, therefore, $60,000.00. The court further finds that the usual and standard costs of closing in this instance would be $19,500.00. Accordingly, the effective net value of the property, after deducting the costs of closing, is $40,500.00 and, therefore, the respective interest of each party is $20,500.00. CT Page 876
The Husband shall immediately Quit Claim to the Wife all of his right, title and interest in said property and, in consideration thereof, the Wife shall pay to the Husband, upon receipt of said Quit Claim Deed said sum of $20,500.00. The Wife shall be solely responsible for all costs associated with said property.
LEASED PROPERTY
The Husband shall vacate the Apartment in New York at 343 East 30th Street, New York, New York by February 28, 2001. Further, the husband shall pay the monthly rent due February 1, 2001.
PERSONAL PROPERTY
The Wife shall retain all of the personal property located in the property in Sherman, except that the Husband shall retain his clothing, books, CDs, and other items of personal property, as the parties shall agree.
The Wife shall retain all of the personal property in the apartment in New York, except the Husband shall retain his clothing, books and other items of personal property, as the parties shall agree. If the parties are unable to agree upon the division of their personal property, the matter is referred to Family Relations for mediation.
The Husband shall remove his personal property from the apartment in New York upon vacating same. He shall remove his personal property from the property in Sherman within 90 days of the date of this decision.
STOCKS, BONDS, PENSIONS, MUTUAL FUNDS, BANK ACCOUNTS
Each party shall retain all accounts listed on their financial affidavits that are in their name, free and clear of any claim by the other.
DIVISION OF DEBTS
The Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
ATTORNEY FEES
Each party shall each be solely responsible for their own attorney fees
MOTOR VEHICLES
CT Page 877
The Wife shall retain her motor vehicles free and clear of any claim by the Husband.
RESTORATION OF THE WIFE'S NAME
The Wife's name of Irene Gilbert shall be restored to her.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.